HOWARD RAPAPORT, d.b.a. THE IN-NOVO ENGINEERING AND DEVELOPMENT CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 82-6-00869

MEMORANDUM ACCOMPANYING ORDER

(Decided November 17, 1982)

FORD, *Judge:* Plaintiff has moved this court for judgment on the pleadings and defendant has cross-moved to dismiss for lack of jurisdiction. The merchandise involved was entered as parts of motorcycles under item A692.55, Tariff Schedules of the United States, entitled to entry free of duty under the General System of Preferences, inasmuch as the merchandise was manufactured in Bombay, India. Customs classified the merchandise under provisions of item 732.42 and assessed duty thereon at 15% ad valorem.

Plaintiff claims the entry is subject to protest under § 514 (19 U.S.C. 1514) alleging that classification is incorrect. Alternatively plaintiff claims that an action lies under § 520 (19 U.S.C. 1520) based on clerical error or mistake of fact.

The merchandise was entered at the Port of Newark, New Jersey on July 22, 1980. On July 31, 1980 the importer was advised by Customs Form 29 of the proposed liquidation under item 732.42. According to a copy of the liquidation bulletin attached to defendant's moving papers and one offered by plaintiff as exhibit 8, the entry was liquidated on April 17, 1981 in the following form and manner:

| Type of entry and number | Action | Date of entry | Importer of record |
|---|---|---|---|
| Con 118037 ........ | Duty incr...................... | 07–22–08 | In-Novo Co. |
| * | * | * | * | * | * | * |

A letter deemed to be a protest, dated August 6, 1981 was denied by Customs on September 17, 1981, as being untimely, having been filed more than 90 days after liquidation as prescribed by 19 U.S.C. 1514.

On November 19, 1981 a protest claiming relief under § 520 (19 U.S.C. 1520) for clerical error or mistake of fact was filed. This protest was denied on December 18, 1981. Plaintiff on June 14, 1982 filed a summons and on June 23, 1982 a complaint. Defendant on August 25, 1982 filed a motion to dismiss. Plaintiff then filed a motion for judgment based upon the theory of judgment on the pleadings with respect to the merits and for judgment under § 520 for clerical error or mistake of fact.

In considering plaintiff's motion for judgment on the pleadings and defendant's cross-motion to dismiss, it is well established in this field of jurisprudence that in order to litigate a matter in this court a timely protest must have been filed with Customs. It is apparent that defendant's motion to dismiss with respect to the action under 19 U.S.C. 1514 must be granted since a protest was not filed within the 90-day period prescribed by said section as indicated, supra. Therefore, a summons based upon the denial of an untimely protest is likewise untimely and does not comport with the statutory requirement of 28 U.S.C. 2636(a).

The § 520(c)(1) action for clerical error or mistake of fact must be dismissed for reasons indicated, infra. The clerical error complained of by plaintiff in the liquidation notice was void since the date of entry was indicated as "07–22–08" rather than 07–22–80. Plaintiff also contends the name of the importer of record was indicated as "In-Novo Co." whereas the proper name of the company is In-Novo Engineering and Development Company. Neither of these clerical errors are of sufficient importance to void this liquidation. In *United States* v. *Judson-Sheldon Division, National Carloading Corp.*, 42 CCPA 202, C.A.D. 594 (1955), the date of entry on the liquidation notice was set forth as "48/49" whereas the actual date of entry was December 14, 1948. The court therein made the following observation:

> The basic issue before this court is whether the information contained in the bulletin notice of liquidation was sufficient to inform the importer of the date of liquidation. As a corollary, it must be added that if the importer could have reasonably been misled or confused by the bulletin notice of liquidation, as

posted, then it must be held that the notice was legally insufficient. [Pp. 203, 204.]

By the same token with respect to the use of the improper name of the importer, plaintiff has in fact filed its protest under the provision of 19 U.S.C. § 1520(c)(1) in the name of "In-Novo Co." as was other correspondence sent to Customs and attached to the moving papers.

Accordingly, the court must grant defendant's motion to dismiss.